FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-0550
_____

JEREMY B. HALES,

    Petitioner,

    v.

LYNETTE PRESTON,

    Respondent.

_____

Petition for Writ of Prohibition—Original Jurisdiction.


August 7, 2024


PER CURIAM.

Jeremy Hales seeks prohibition to the trial judge presiding over his civil suit because the judge should have recused himself on one or more of Hales's motions to disqualify. This court grants Hales's request and issues the writ, finding that he has demonstrated a sufficient basis for disqualification in possibly his second, but certainly his third, motion. *See State v. R.R. Com'rs of Fla.*, 84 So. 444, 445 (Fla. 1920) (explaining that the common-law writ of prohibition "is an extraordinary judicial writ," which may be issued by this court "to restrain the unlawful exercise of judicial functions when no other adequate remedy is afforded by law"); *Joughin v. Parks*, 147 So. 273, 274 (Fla. 1933) (describing that it is appropriate for a court to issue the writ of prohibition "in emergency cases to forestall an impending, present injury"). We

rely on the supreme court's holding in *Bundy v. Rudd*, where the court explained, "[w]hen a judge has looked beyond the mere legal sufficiency of a suggestion of prejudice and attempted to refute the charges of partiality, he has then exceeded the proper scope of his inquiry and on that basis alone established grounds for his disqualification." 366 So. 2d 440, 442 (Fla. 1978). That is precisely what happened below.

Hales filed three motions to disqualify. Hales based his second motion for disqualification on the trial judge's repeated admonishment of Hales's counsel for, among other things, a supposed lack of candor before the court. In denying that second motion, the judge provided an extensive refutation of Hales's allegations. That prompted a third motion by Hales, relying therein on the judge's refutations as an independent ground for disqualification. "Once a basis for disqualification has been established, prohibition is both an appropriate and necessary remedy." *Id.*

WRIT ISSUES.

BILBREY, NORDBY, and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Doreen Inkeles and Randall Shochet of the Shochet Law Group, Trenton, for Petitioner.

Joshua M. Silverman of Silverman & Mack, LLC, Gainesville, for Respondent.